UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NO. 3:00CV-P231-C

CHRISTOPHER ADAM MABE                                                                PETITIONER

v.                              **MEMORANDUM OPINION AND ORDER**

PHIL PARKER, Warden                                                                   RESPONDENT
Kentucky State Penitentiary

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the petitioner, Christopher Adam Mabe, to vacate the court's previous decision to dismiss his petition under 28 U.S.C. § 2254 as untimely pursuant to Federal Rule of Civil Procedure 60(b). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

This court denied the petitioner's petition for writ of habeas corpus on the ground that it had not been filed within the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). The petitioner filed a notice of appeal, but a judge of the Sixth Circuit denied a certificate of appealability. *In re Mabe*, No. 01-5482 (6th Cir. Oct. 18, 2001) (unpublished). He filed a motion to reconsider that was denied as untimely. *In re Mabe*, No. 01-5482 (6th Cir. Nov. 21, 2001) Two years later, in October 2003, the Sixth Circuit issued a decision in *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), reversing the decision that served as the basis for this court's denial of the defendant's motion. If the *Abela* decision had been rendered when this court

considered the petition, it would not have been dismissed as untimely. In April 2004, the defendant filed a writ of mandamus with the Sixth Circuit, which construed the writ as a motion to consider whether the previous order should be vacated under Rule 60(b) and transferred it *sua sponte* to this court. It its order, the Sixth Circuit noted that the propriety and effective scope of Rule 60(b) motions in habeas corpus actions was unsettled. It was unclear whether, in a habeas case, Rule 60 motions were subject to the additional restrictions that apply in "second or successive" habeas petitions under the provisions of AEDPA.

Since the Sixth Circuit's transfer of this case, the Supreme Court issued an opinion in *Gonzalez v. Crosby*, __ S.Ct. __, 2005 WL 1469516 (June 23, 2005), finding that a "Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that . . . challenges the District Court's failure to reach the merits does not warrant such treatment, and can be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3)." The Court found that the petitioner in *Gonzalez* failed to set forth "an extraordinary circumstance" justifying relief and affirmed the decision that his claim was untimely filed.

As in *Gonzalez*, the petitioner here challenges this court's failure to reach the merits of his habeas corpus petition. Thus, the petitioner's Rule 60(b) motion to vacate the order dismissing his petition is not a second or successive habeas corpus

petition and the court may consider the merits of his motion.

The petitioner's ground for reopening the judgment denying his federal habeas corpus petition is the Sixth Circuit's decision in *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003), pursuant to Rule 60(b)(6). Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." The petitioner contends that the change in interpretation of the AEDPA statute of limitations meets this description. This court disagrees because its interpretation of the statute of limitations was correct under Sixth Circuit precedent at the time of the decision. "It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, [the Sixth Circuit] arrived at a different interpretation." *Gonzalez*, 2005 WL 1469516 at * 7.

Additionally, although the petitioner raised the issue of statute of limitations in his application for Certificate of Appealability ("COA") and filed a petition for reconsideration of the Sixth Circuit's denial of COA, he did not seek certiorari review of the denial. While he was more diligent than the petitioner in *Gonzalez*, his case is not an extraordinary circumstance justifying relief from this court's prior judgment. Further, there is great public interest in the finality of judgments and reopening the petitioner's case would not serve that interest. Accordingly,

**IT IS ORDERED** that the petitioner's motion to vacate its prior order dismissing his habeas corpus petition (DE 25) is **DENIED**.

Signed on  August 15, 2005

**Jennifer B. Coffman, Judge**
**United States District Court**